PETER CROARKIN, Appellant, v. JOHN FITZGERALD, Respondent.

St. Louis Court of Appeals, October 30, 1888.

Contract: PERSONAL LIABILITY. The defendant was president of an educational corporation whose constitution provided that : " All contracts, notes, bonds and other obligations of the society shall be signed by the president and secretary and the seal thereof attached thereto, before the same shall be valid against the corporation." The defendant, in a contract signed by himself as president, but without the signature of the secretary or the corporate seal, agreed with C. to employ him as teacher, and that if the income should average or exceed fifty dollars per month, fifteen dollars thereof should be paid to an assistant, otherwise all the income should be retained by C. The defendant afterwards, in a letter to C., authorized him to engage the plaintiff as an assistant, adding that he might expect thirty-five dollars per mouth. The income of the school did not reach fifty dollars per month. The defendant managed the affairs of the school independently of the directors of the corporation. The plaintiff served seven months as assistant, and sued to recover the sum of one hundred and five dollars. *Held* that in the facts shown the plaintiff made a proper case to go to the jury upon the personal liability of the defendant, and the court erred in instructing for a verdict in the defendant's favor.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*O. D. Jones*, for the appellant.

If defendant did employ the plaintiff in such a way as not to bind the board he is personally liable—even if he intended to, of which there is no evidence. "In the absence of charter restrictions the power of a corporation to make contracts is usually measured by the general objects and purposes of the corporation." *Kitchen v. Railroad*, 59 Mo. 544 and 517. In this case it is a public charitable corporation and the "restrictions" are in the

charter. The undisputed testimony is that it was not intended either by defendant or Francis or the board that the association should be bound. At least it was competent for defendant to do what Francis says he said he would do and did do—"take it altogether" on himself and employ teachers, and he does not deny he did say it to Francis. The action of the court is without any reason or authority from any view. The objection of defect of parties can only be made by answer if the petition on its face is sufficient. *Shockley v. Fisher*, 21 Mo. App. 551. By answer to the merits defendant waives all defects of parties. *Planing Mill v. Church*, 54 Mo. 520 ; *Hammons v. Renfrow*, 84 Mo. 332. When it is not made by answer or demurrer it is deemed waived. *Baier v. Berberick*, 13 Mo. App. 587 ; s. c. 85 Mo. 50 ; *Hicks v. Jackson*, 85 Mo. 283 ; *Dunn v. Railroad*, 68 Mo. 268. The point cannot be reached by instructions. *Horsttkotte v. Menir*, 50 Mo. 158 ; *Thompson v. Railroad*, 80 Mo. 521 ; *State v. True*, 20 Mo. App. 176.

*W. C. Hollister*, for the respondent.

Where a contract is made with an officer of a corporation, it will be held to have been made with the corporation itself. *Ins. Co. v. Seminary*, 52 Mo. 480. Where a corporation availed itself of the services of an attorney-at-law with the full knowledge of all the facts, running through a period of several months, this would amount to a ratification of his appointment as an attorney of the corporation. *Southgate v. Railroad*, 61 Mo. 89. This corporation accepted the services of this plaintiff ; stood by and saw him conduct and carry on the school, hence the corporation is liable and not the defendant as an individual. Where a contract was made with a committee of a corporation who signed their own names adding their description as committee, etc., and the other party in the negotiation addressed in the name of the corporation, it was held to create a corporate not an individual liability. *Whitney v. Wyman*,

101 U. S. 392. It is a settled rule of law that not only the appointment but the authority of the agent of a corporation may be implied from the adoption or recognition of his acts by the corporation. *Forsee v. Kiley*, 57 Mo. 390. The treasurer of a corporation may employ an attorney without any special authority by the board of directors. *Turner v. Railroad*, 51 Mo. 501 ; *Gilstrop v. Bank*, 45 Mo. 419. A corporation acts only by its agents. The acts of the agents therefore within the scope of their authority will bind the corporation. *Railroad v. Winkler*, 33 Mo. 354. Authority of officer or agent may be implied. 61 Mo. 89 ; 42 Mo. 74.

ROMBAUER, P. J., delivered the opinion of the court.

This action was brought before a justice of the peace to recover the sum of one hundred and five dollars, claimed by the plaintiff as a balance due him for services as a school teacher. On the trial in the circuit court, the court instructed the jury " that the defendant is not personally bound to plaintiff, and the verdict should be for defendant."

It was shown in evidence that the St. Joseph's Educational Society was a corporation created under the laws of this state, and that the defendant was its president. Its constitution, which was put in evidence, contains the following paragraph : " VIII. All contracts, notes, bonds, and other obligations of the society, shall be signed by the president and secretary, and the seal thereof attached thereto, before the same shall be 'valid against the corporation."

With this provision in force, the defendant made the following contract with the brother of the plaintiff to teach the school owned by the society for the scholastic year of 1886–1887 :

"Edina, Mo., July 13, 1886.

" Be it known that on this day above-mentioned we, the undersigned parties, enter into the following contract, viz. : F. E. Croarkin agrees to conduct the school known as St. Joseph's College, of Edina, Mo., for the

period of eight months, beginning September 6, 1886, and continuing until the eight months have been taught, his salary to be paid from the income of school, be it more or less. If the income of the school equal and average fifty dollars per month or more, then and in that case he is to allow out of such receipts the sum of fifteen dollars per month, shall be paid towards the wages of an assistant teacher. Otherwise he is to retain the whole income from tuition as salary. Wood and coal are to be furnished by school owners and directors.

"JOHN FITZGERALD,

"Pres. of St. Joseph College.

"FRANCIS E. CROARKIN, A. B., Principal."

Having made this engagement for a principal, the defendant commenced looking about for an assistant, one of whose qualifications was to be that he should be able to play on the organ ; and he concluded to offer the position to this plaintiff, who was the brother of Francis E. Croarkin, whom he had thus engaged as principal. This he did in a letter, written to Francis E. Croarkin, from which the following extract was put in evidence.

"Edina, Mo., July 19, 1886.

"Mr. F. E. Croarkin, Macon City, Mo.

"Dear Sir : I am rather of the opinion that you had better bring your brother for at least six months beginning September 6.   *  *  *  *  *  *  *

"Now if you think your brother can fill the bill he may expect $35.00 per month.   *  *  *  *  *

"J. FITZGERALD."

This letter was shown to the plaintiff by Francis E. Croarkin, and, on the faith of it, as his evidence tended to show, he came to Edina, and, with the knowledge and approbation of the defendant, served as assistant in the school for seven months, at the end of which period he quit, with the assent of the defendant. There is no question of a breach of contract on his part, nor is there any question that, if he is entitled to recover at all, he is entitled to recover the sum of one hundred and five

dollars, with interest from the commencement of the action.

The defense is that he came in and taught as assistant under the written contract before set out between the plaintiff and his brother Francis E. Croarkin, and that, for the sum for which he sues (fifteen dollars per month for seven months) he was to look to his brother, and not to this defendant. Aside from the fact that there is no evidence that he ever agreed to look to his brother for any part of the thirty-five dollars per month which he was to receive, it appears from the contract between his brother and the defendant, above set out, that the obligation of his brother to "allow" out of the receipts for tuition the sum of fifteen dollars per month, which should be paid towards the wages of the assistant, was conditioned on the "income" of the school equaling an average of fifty dollars per month or more; but the evidence shows, without contradiction, that the "income" did not equal this amount. Although the amount due the school for tuition, for the eight months named in the contract, was nearly five hundred dollars, the amount actually collected was less than four hundred dollars.

In this state of the evidence there was clearly a case to go to the jury, unless the view (which seems to have been that of the circuit judge) is to be taken, that the defendant, in employing the plaintiff, was acting, not for himself personally, but on behalf of the St. Joseph's Educational Society. Neither the letter to Francis E. Croarkin nor the contract between the defendant and him so specifies. The clause of the charter of the society, above set out, forbids the making of contracts by the president alone and without the seal of the society. But if the question were to be decided as one of interpretation, the most that could be said in favor of the theory that this was the contract of the society would be, that the clause about wood and coal being furnished by the "owners and directors" and the addition of the words "Pres. St. Joseph's College," to the signature of the defendant to the contract with

Francis E. Croarkin, introduces an ambiguity such as is explainable by parol. But parol evidence in explanation of it has been given, and this evidence shows, without contradiction, that the defendant, during the year in question, managed the school independently of the directors of the society. He never consulted them about the contracts; they knew nothing about them; and, according to the testimony of Francis E. Croarkin (not contradicted, so far as we see), he professed to manage the school independently of them. The mere fact that the defendant was president of the corporation did not, of course, prevent him from managing the school for himself if the directors chose to allow it, or from binding himself personally by contracts touching its management.

In whatever way we view this testimony, it seems to us that there was a plain case in favor of the plaintiff to go to the jury, and we therefore reverse the judgment of the circuit court and remand the cause. It is so ordered. All the judges concur.